UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARC C. BALDONI,

                        Plaintiff,

v.                                                  Civil Action No. _____

STEPHEN EINSTEIN & ASSOCIATES, P.C., and
MAIN STREET AQUISITION

                        Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), and 28 U.S.C. § 133.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Marc C. Baldoni is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Stephen Einstein and Associates, P.C. (hereinafter "Einstein") is a domestic business corporation organized and existing under the laws of the State New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Main Street Acquisition Corp. (hereinafter "Main St") is a domestic business corporation organized and existing under the laws of the State Georgia and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. Defendant regularly attempts to collect debts alleged to be due another.

9. All references to either defendant herein shall mean said defendant or an employee of said defendant.

## IV. FACTUAL ALLEGATIONS

10. That Plaintiff allegedly incurred a debt to HSBC Bank Nevada, N.A. This debt will be referred to as the "subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. Plaintiff allegedly defaulted on the subject debt.

13. That sometime after the alleged default, the subject debt was alleged acquired by Main St.

14. That Main St. retained the services of Defendant Einstein to proceed with a lawsuit against the Plaintiff to collect the alleged subject debt.

15. That on or about August 30, 2011, a judgment was entered in Rochester City Court against the Plaintiff in favor of Main St.

16. In or about August 8, 2016, Defendants filed an Income Execution against Plaintiff in Monroe County Supreme Court of the State of New York.

17. In or about December 13, 2016, the Plaintiff received a letter from the Defendants stating that Main St. has agreed to accept $4,441.36 in full satisfaction of the subject debt.

18. On or about December 17, 2016, the Plaintiff sent a cashier's check to the Defendant Einstein in the amount of $4,441.36 for the satisfaction of the judgment.

19. In or about January 5, 2017, the Defendant Einstein sent the Plaintiff a letter and a copy of Satisfaction of Judgment. In the letter to the Plaintiff, the Defendant Einstein stated that the original copy will be filed with the Clerk of Monroe County.

20. Despite paying the agreed settlement amount of $4,441.36, Plaintiff continued to get his wages garnished through June 2017 for the satisfied subject debt.

21. That as a result of Defendants' acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

22. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

    A. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f, 15 U.S.C. §1692f(1) and 15 U.S.C. §1692f(1) by continuing to garnishment the Plaintiff even though Plaintiff satisfied the subject debt.

23. That Defendant Main St. is vicariously liable for the tortious acts of Defendant Einstein described herein pursuant to the laws of agency and otherwise.

24. That as a result of the Defendants FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: January 19, 2018

Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com
khiller@kennethhiller.com

3